IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:15-cv-00241-GCM
(3:03-cr-00173-GCM-1)

| | |
|---|---|
| TOMMIE RAYMOND THOMAS, ) <br> ) <br> Petitioner, ) <br> ) <br> v. ) <br> ) <br> UNITED STATES OF AMERICA, ) <br> ) <br> Respondent. ) <br> ) | **ORDER** |

**THIS MATTER** is before the Court on consideration of Petitioner's motion to vacate, set aside or correct sentence, which he filed pursuant to 28 U.S.C. § 2255. For the reasons that follow, Petitioner's § 2255 motion will be dismissed.

I.     BACKGROUND

On October 20, 2003, Petitioner was charged in this District in a Bill of Information with three counts of robbery by force, in violation of 18 U.S.C. § 2113(a), and five counts of armed robbery by force, in violation of § 2113(d). The robberies were all alleged to have occurred in 2001, and involved eight banks that were insured by the Federal Deposit Insurance Corporation and scattered over a four state area which included North Carolina.

Petitioner entered into a plea agreement with the Government and elected to waive his right to be charged by indictment. In the plea agreement, which was later amended, Petitioner agreed to plead guilty to the eight counts in his Bill of Information and he expressly agreed to waive his right to challenge his conviction or sentence on direct appeal or through a collateral

1

proceeding except on claims of ineffective assistance of counsel.[1]

On October 24, 2003, Petitioner appeared by U.S. Magistrate Judge Ervin S. Swearingen and he was placed under oath. The elements of the eight counts in his Bill of Information were explained to him and the maximum penalties he faced upon conviction including the possible terms of supervised release that he would be subject to upon his release from incarceration. Petitioner averred that he understood these penalties and that he understood and agreed with the terms of his plea agreement. Petitioner's guilty plea was accepted after the court found that it was both knowing and voluntary. (Id., Doc. No. 5: Acceptance and Entry of Guilty Plea; Doc. No. 24: Tr. of Plea Hearing).

On April 28, 2004, Petitioner appeared before the undersigned for his sentencing hearing and the Court found that based on the representations and answers provided by Petitioner and his attorney during the Rule 11 hearing, that his guilty plea was knowingly and voluntary and it was therefore accepted. Petitioner was thereafter sentencing to eight concurrent terms of 162-months' imprisonment and eight concurrent terms of 3-years of supervised release. (Id., Doc. No. 9: Judgment).[2] On May 7, 2004, Petitioner's judgment was entered and he did not appeal.

On May 19, 2011, the Court granted Petitioner's motion to transfer his supervised released to the Northern District of Texas, Lubbock Division, based on his assertion that he had a support system in Lubbock that could assist him with living arrangements and obtaining employment. (Id., Doc. No. 19). Petitioner began serving his three-year term of supervised

---

[1] The amended plea agreement provided that the parties agreed that Petitioner did not qualify as a career offender under § 4B1.1 of the U.S. Sentencing Guidelines Manual (2003), and they agreed to a sentence of 162-months' imprisonment which was at top of his Guidelines range. All other provisions of the original agreement remained unchanged. (3:03-cr-00173, Doc. No. 7: Amendment to Plea Agreement).
[2] The Judgment was later amended to reflect that Petitioner would serve eight concurrent terms of 138 months in prison. (Id., Doc. No. 22: Amended Judgment).

release in Lubbock on or about June 29, 2012, and Case No. 12-cr-00061-C-BG-1 was opened in the Northern District of Texas, Lubbock Division.

On July 13, 2012, the U.S. Attorney's Office for the Lubbock Division filed a motion to revoke Petitioner's supervised release citing numerous alleged violations including the placing of harassing phone calls, failing to report to probation as ordered and lying to his probation officer. (12-cr-00061-C-BG-1, Doc. No. 12). On July 27, 2012, Petitioner appeared before the Honorable Sam R. Cummings for his revocation hearing. Petitioner admitted to the violations that were alleged by the Government and the Court granted the Government's motion to revoke his supervised release. Petitioner was sentenced to terms of 24-months' imprisonment on Counts 1 through 8 with Counts 1, 2 and 8 to run concurrently with all counts and Counts 3-7 to run consecutively for a total term of 120-months' imprisonment to be followed by a three-year term of supervised release. (Id., Doc. No. 18: Judgment Revoking Probation/Supervised Release). On August 10, 2012, Petitioner appealed to the United States Court of Appeals for the Fifth Circuit and the District Court's judgment was affirmed. See United States v. Thomas, 551 F. App'x 223 (5th Cir.), cert. denied, 134 S. Ct. 2683 (May 27, 2014).

## II.   STANDARD OF REVIEW

Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings, sentencing courts are directed to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings" in order to determine whether a petitioner may be entitled to any relief. The Court has considered the record in this matter and applicable authority and concludes that this matter can be resolved without an evidentiary hearing. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

III.     DISCUSSION

In his § 2255 motion, Petitioner raises three issues all of which are related to the imposition of his consecutive sentences following the revocation of his supervised release by the District Court in the Northern District of Texas.

1.     Guilty Plea

Petitioner first contends that his Fifth Amendment rights were violated during his Rule 11 hearing in this District because the sentence imposed upon revocation of his supervised release exceeded the maximum sentence that the magistrate judge informed him that he could receive under the terms of his plea agreement. This is in effect a challenge to the knowing and voluntary nature of his guilty plea. (3:15-cv-241, Doc. No. 1-1: Petitioner's Mem. at 4-5, 8).

During Petitioner's Rule 11 hearing, the court explained the potential penalties upon conviction for each count in his Bill of Information which included the maximum term of imprisonment and the potential term of supervised release that he faced upon conviction although no mention was made of consecutive sentences. Petitioner, who was under oath, averred that he understood each of those potential penalties and he swore that he understood and agreed with the terms of his plea agreement contained the potential terms of supervised release. (3:03-cr-00173, Doc. No. 2: Plea Agreement ¶ 4; Doc. No. 24: Tr. of Plea Hearing at 4-7, 10).

Petitioner's argument here will be rejected for three reasons. First, Petitioner did not raise this issue before the Fifth Circuit on direct appeal from the judgment imposed by the District Court therefore he has waived his ability to raise it on collateral review. See Boeckenhaupt v. United States, 537 F.2d 1182, 1183 (4th Cir. 1976) (petitioner is precluded from raising issues which are waived on direct appeal in a § 2255 motion).

4

Secondly, as this Court found during his sentencing hearing, Petitioner's plea of guilty before the magistrate judge was knowing and voluntary which leads to the ineluctable conclusion that Petitioner understood the potential penalties he could receive if his supervised release was revoked. "[A] defendant's solemn declarations in open court affirming [a plea] agreement . . . 'carry a strong presumption of verity.'" United States v. White, 366 F.3d 291, 295 (4th Cir. 2004) (quoting Blackledge v. Allison, 431 U.S. 63, 74 (1977). "Indeed, because they do carry such a presumption, they present 'a formidable barrier in any subsequent collateral proceedings.'" Id. at 295-96. "[C]ourts must be able to rely on the defendants statements made under oath during a properly conducted Rule 11 colloquy." United States v. Lemaster, 403 F.3d 216, 221 (4th Cir. 2005) (citing United States v. Bowman, 348 F.3d 408, 47 (4th Cir. 2003)).

Finally, Petitioner's argument will be rejected because "Rule 11 . . . does not require a district court to inform the defendant of . . . consecutive sentencing." United States v. Mattocks, 408 F. App'x 717, 719 (4th Cir. 2011) (unpublished) (quoting United States v. General, 278 F.3d 389, 395 (4th Cir. 2002)).

2. <u>Consecutive Sentences</u>

In his second claim, Petitioner contends that the Texas District Court erred in imposing consecutive sentences upon revoking his supervised release because the statute in effect at the time Petitioner was sentenced in this District had been amended. Specifically, Petitioner argues, as he did before the Fifth Circuit, that the version of 18 U.S.C. § 3583(e) that was in effect at the time he committed his cross-country series of bank robberies only allowed for the imposition of a 36-month term of imprisonment if supervised release was revoked. (3:15-cv-00241, Petitioner's Mem. at 15). The Fifth Circuit rejected this argument by noting that "[c]alculation of

5

a prison term is based on each individual offense; there is no cap on the total sentence that is derived from aggregating prison term sentences on multiple counts." Thomas, 551 F. App'x at 224 (citing United States v. Gonzalez, 250 F.3d 923, 927-28 (5th Cir. 2001)).

Petitioner's effort here, which he hardly endeavors to conceal, is to have this Court overrule the Fifth Circuit, however Petitioner's claim must fail because he is bound by the Fifth Circuit's determination on the issue of consecutive sentences. See Boeckenhaupt, 537 F.2d at 1183 (petitioner "not allowed to recast, under the guise of a collateral attack, questions fully considered" on direct appeal); see also United States v. Bell, 5 F.3d 64, 66 (4th Cir. 1993) (law of the case doctrine forecloses relitigation of issues expressly or impliedly decided by the appellate court) (internal citation omitted).

For these reasons, this claim will be denied.

3. Judgment Language

In his final claim, Petitioner argues that the Texas District Court erred in imposing consecutive terms following revocation of his supervised release because "the language in the underlying judgment and oral pronouncement are binding and unambiguous." (3:15-cv-00241, Petitioner's Mem. at 19). This argument will be denied for the reasons previously given, namely, that the District Court had statutory authority to impose the consecutive terms of imprisonment.

IV. CONCLUSION

For the reasons stated herein, the Court finds that Petitioner has failed to state a claim for relief and his § 2255 motion will be dismissed.

**IT IS, THEREFORE, ORDERED** that Petitioner's § 2255 Motion to Vacate is **DISMISSED with prejudice**. [Doc. No. 1].

**IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, this Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 336-38 (2003) (stating that in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); <u>Slack v. McDaniel</u>, 529 U.S. 474, 484 (2000) (holding that when relief is denied on procedural grounds, a petitioner must establish both that the correctness of the dispositive procedural ruling is debatable and that the petition states a debatably valid claim of the denial of a constitutional right).

The Clerk is respectfully directed to close this civil case.

**IT IS SO ORDERED.**

Signed: July 7, 2015

*[signature]*

Graham C. Mullen
United States District Judge